UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

IRMARIS CARVAJAL, individually and as the Administratrix of the Estate of Franklin Arturo Carvajal,

                Plaintiff,

-against-

UNITED STATES OF AMERICA,

                Defendant.

**TRANSFER ORDER**

25-CV-06725 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Irmaris Carvajal, individually and as Administratrix of the Estate of Franklin Arturo Carvajal ("Plaintiff"), commenced this action against the United States of America on August 14, 2025, pressing claims under the Federal Tort Claims Act ("FTCA"). (Doc. 1). Plaintiff alleges that her decedent "sustain[ed] severe and irreparable personal injuries," resulting in his death, from the "careless[] and negligent[] [] medical and nursing care" he received at Geneva Community Health Clinic in Geneva, New York. (*Id.* ¶¶ 29-40). By Order dated August 18, 2025, the Court directed Plaintiff to show cause why this action should not be transferred to the United States District Court for the Western District of New York. (Doc. 3). Plaintiff failed to respond to that Order.

For the following reasons, this action is transferred to the United States District Court for the Western District of New York.

## ANALYSIS

The FTCA allows claims to be filed "in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Venue is proper as Plaintiff resides in this District. (Doc. 1 ¶ 8). Nevertheless, transfer of Plaintiff's claims to the United States District Court for the Western District of New York is appropriate in this case under 28 U.S.C. § 1404(a).

A Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-27 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-02424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

"The statute requires a two-part analysis." *Stephens v. United States*, No. 23-CV-03972, 2024 WL 3758826, at *1 (E.D.N.Y. Aug. 12, 2024). "First, courts ask whether the action 'might have been brought' in the district to which transfer is sought." *Id.* (quoting *Ahmed v. T.J. Maxx Corp.*, 777 F. Supp. 2d 445, 448 (E.D.N.Y. 2011)). "Second, courts determine whether the 'convenience of parties and witnesses and the interest of justice' favor transfer." *Id.* (quoting *Sebrow v. Zucker, Gobiberg & Ackerman, LLC*, No. 10-CV-04767, 2012 WL 911552, at *3 (E.D.N.Y. Mar. 16, 2012)).

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location

of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Here, all the events giving rise to Plaintiff's claims occurred in Geneva, New York. (Doc. 1 ¶¶ 29-40). Plaintiff's claims thus could have been brought in the Western District of New York. 28 U.S.C. § 1402(b); *see Aplin v. McCrossen*, No. 12-CV-06312, 2014 WL 4245985, at *4 (W.D.N.Y. Aug. 26, 2014) (noting that Geneva, New York is "within the Western District of New York"); 28 U.S.C. § 112(d). That District is also a more convenient forum for this action. In particular, the witnesses, relevant documents, and other sources of proof will be located almost exclusively in the Western District of New York. Finally, the Court notes that Plaintiff was provided an opportunity to explain why this action should not be transferred (Doc. 3) but chose not to respond.

Accordingly, the Clerk of Court is respectfully directed to: (1) transfer this case to the United States District Court, Western District of New York, in accordance with Local Civil Rule 83.1; and (2) close this case.

**SO ORDERED:**

Dated: White Plains, New York
September 2, 2025

_____
Philip M. Halpern
United States District Judge

3